NOT FOR PUBLICATION (Doc. No. 8)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Irfan KHAN, | |
| Plaintiff, | Civil No. 16-2780 (RBK/KMW) |
| v. | **Opinion** |
| ATLANTIC CITY PUBLIC LIBRARY, | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Complaint of Plaintiff Irfan Khan ("Plaintiff"), *pro se*, against Defendant Atlantic City Public Library ("Defendant"), asserting claims for discrimination based on gender, national origin, and religion. Currently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 8). For the reasons expressed below, Defendant's Motion to Dismiss is **GRANTED**.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff asserts that the ACPL refused to reissue Plaintiff a replacement library card for discriminatory reasons based on gender, national origin, and religion. Compl. 3. He also alleges that ACPL librarians made a profane comment to him and asked him, in a nasty tone, if he had an address. *Id.* He seeks monetary relief for mental anguish and emotional distress, in addition to reissuance of his library card. *Id.* On May 17, 2016, he filed a Complaint (Doc. No. 1), and on August 12, 2016, Defendant brought the present Motion to Dismiss (Doc. No. 8).

## II. LEGAL STANDARD

Where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff generally bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A district court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332; "federal question" jurisdiction under 28 U.S.C. § 1331; or jurisdiction supplemental to the original claim under 28 U.S.C. § 1367.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III.   DISCUSSION

Plaintiff does not reference any federal constitutional provisions, laws, or treaties under which he is bringing this matter. Further, he fails to plead citizenship of the parties and appears to be a citizen of the same state, New Jersey, as Defendant. As such, the Court will grant the Motion to Dismiss for failure to show subject matter jurisdiction under Rule 12(b)(1). In addition, Plaintiff also fails to meet the Rule 12(b)(6) standard. Plaintiff does not provide facts substantiating his allegation that the ACPL declined to reissue his library card based on his gender, national origin, and religion. It is also unclear what types of claims he is bringing to remedy the harassment he allegedly suffered from ACPL.

District courts should freely grant leave to amend, "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Because there is a possibility Plaintiff could amend the Complaint to properly plead subject matter jurisdiction and make out a plausible claim, the Court will dismiss the Complaint without prejudice.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

Dated:   1/6/2017                                                         s/ Robert B. Kugler

                                                                         ROBERT B. KUGLER

                                                                         United State District Judge